IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2012 JAN 25 AM 11: 05

ANTONETTE L. BABAUTA,

                         Plaintiff,

     vs.

EVANGELIS J. BABAUTA,

                        Defendant.

DOMESTIC CASE NO
DM498-06

**DECISION & ORDER**

The HONORABLE ELIZABETH BARRETT-ANDERSON issued the Interlocutory Decree of Divorce incorporating the Amended Findings of Fact and Conclusions of Law ("Amended Findings") on March 24, 2010, which was appealed. *Babauta v. Babauta*, 2011 Guam 15. On April 29, 2010, this Court granted Defendant's Motion to Stay Judgment. On October 27, 2011, the Court Ordered the Parties to submit further briefing regarding calculations required pursuant to *Babauta*, and after considering all of the evidence and briefs hereby issues the following Decision.

In light of the *Babauta* opinion, the Parties are hereby Ordered to exercise good faith efforts to dispose of the marital residence through sale, or in the alternative either party may purchase fifty percent (50%) interest of the other party, in which case either event must occur within one (1) year of September 28, 2011, the date of Opinion from the Guam Supreme Court decision.

The Court does not award Defendant reimbursement for lost rental income on his separate property, as this was not preexisting community obligations. The Court does not award Defendant reimbursement for lost rental income on the marital residence as Plaintiff is entitled to continued possession and quiet enjoyment throughout the pendency of the appeal and until the marital residence is sold or one party purchases the interest of the other. Lastly, the Court denies Defendant any reimbursement for interest on loans taken as separate debt.

This Court retains jurisdiction to divide the property not addressed at trial and address issues arising after trial and prior to the entry of judgment. 19 GCA §§ 8201, 8322.

This Court held that "Evangelis and Antonette each has an undivided one-half separate property interest in the residence." *Babauta v. Babauta*, 2011 Guam 15 ¶ 43. However, "the mortgage and other obligations on the residence were community obligations subject to satisfaction according to 19 GCA § 6104." *Babauta v. Babauta*, 2011 Guam 15 ¶ 39. "Any disproportionate distribution [of community debt] due to a finding of adultery or extreme cruelty shall only be made on the community property remaining after all community debts have either been satisfied or otherwise accounted for in the valuation of the net community property." *Babauta v. Babauta*, 2011 Guam 15 ¶ 38. Therefore, the Court could not order that Defendant pay all community debts to include property taxes and insurance premiums. *Id.* at ¶ 41. Thus, Defendant is entitled to reimbursement of half of the $5,003.27, or $2,501.64, the amount that Defendant paid from his separate property to pay for post-separation property taxes and insurance premiums. Dec. of Evangelis J. Babauta (Nov. 30, 2011).

Based upon *Babauta v. Babauta*, 2011 Guam 15 ¶ 34("Evangelis is only entitled to a reimbursement of one-half of the amount paid from his separate property, because one-half of the community debt was his obligation stemming from the marriage."), the Court hereby strikes part II(h) on page 9 of the Amended Findings and replace it with the following language: Husband shall be reimbursed half of the $93,524.03, or $46,762.02, the amount Husband paid from his separate property to pay preexisting community obligations.

The Amended Findings discuss that the funds used to furnish the house were done with community property, but failed to make a division of such community property. 19 GCA § 8412. Evidence presented at trial valued the household goods and furnishings at thirty thousand dollars ($30,000.00). Defendant is awarded credit for half of the furnishings which are community property, or fifteen thousand dollars ($15,000.00). Wife may retain the furnishings.

In the Amended Findings, the Court used the valuation of $220,000.00 for the value of the marital residence. Based upon Guam Rule of Civil Procedure 60(b)(2) and/or 60(b)(5), the Court will consider the evidence of the marital residence requiring repairs and the reduced value of the community property during the pendency of the appeal. Plaintiff is under an affirmative duty to ensure that Defendant's fifty percent (50%) interest in the marital residence is not

subject to waste and/or reduction of value, other than the reduced value that may have occurred due to real estate market decline, until such time as the marital residence is divided. The Court reviewed the evidence of a check in the amount of $11,726.97 for an insurance claim due to water damage on the marital property. Dec. of Evangelis J. Babauta (Nov. 30, 2011). In light of the evidence of the marital residence requiring substantial repairs, the Court determines a hearing on remand is necessary so that the Court may determine the amount of reduced value, if any, attributable to Plaintiff's actions during the pendency of the appeal. The parties may, but are not required to, provide the Court with the appraisal of the marital residence at the hearing. Plaintiff shall allow an appraiser or real estate agent of Defendant's choosing into the marital residence for the purposes of an appraisal.

The hearing on remand shall occur on March 1, 2012 at 2:00 p.m.

**SO ORDERED** this January 25, 2012.


_____
**HONORABLE ELIZABETH BARRETT-ANDERSON**
Judge, Superior Court of Guam